IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| PRESTON DENVER HAWKINS, PRO SE, § | |
| TDCJ-CID No. 1048264, § | |
| Previous TDCJ-CID No. 238128 § | |
| Previous TDCJ-CID No. 687193 § | |
| Louisiana No. 72465 § | |
| Louisiana No. 80661 § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:05-CV-0312 |
| § | |
| JULITO P. UY and § | |
| TIM REVELL, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff PRESTON DENVER HAWKINS, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff claims that, when he complained of shoulder pain to defendant Dr. UY, he was told it was only minor joint pain and would stop if he took the medicine Dr. UY prescribed. Plaintiff states he was told this for months while receiving treatment from both defendants Dr. UY and Dr. REVELL. Plaintiff says he was finally sent to the Montford Unit for an M.R.I. and diagnosed with severe damages to his left shoulder rotator cuff. Plaintiff requests monetary damages in an unspecified amount from both defendants for the pain he has and will experience due to their negligence.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under Title 42, United States Codes section 1983.  *Estelle v. Gamble*, 429 U.S. 97, 105-07, 97 S.Ct. 285, 291-93, 50 L.Ed.2d 251 (1976).  Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety.  *Farmer v. Brennan*, 511 U.S. 825,

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994).  However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference.  *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).  Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension.  *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).  "[N]egligent medical care does not constitute a valid section 1983 claim."  *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

By alleging medical malpractice or negligence, plaintiff has not stated a claim of constitutional dimension.  *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).  Plaintiff's claims against both defendants lack an arguable basis in law and are frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), the Civil Rights Claim filed pursuant to Title 42, United States Code, Section 1983, by plaintiff PRESTON DENVER HAWKINS is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail.  The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of

the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

All pending motions are DENIED.

IT IS SO ORDERED.

ENTERED this  28th  day of April, 2006.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE